**Willie Lee JEFFERSON, Plaintiff–Appellant,**

v.

**Donald HELLING; et al., Defendants–Appellees.**

No. 08–16999.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 27, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Willie Lee Jefferson, Ely, NV, pro se.

Heather D. Procter, Deputy Attorney General, Office of the Nevada Attorney General, Carson City, NV, for Defendants–Appellees.

Before: GRABER, GOULD, and BEA, Circuit Judges.

## MEMORANDUM **

Willie Lee Jefferson, a Nevada state prisoner, appeals pro se from the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging Eighth and Fourteenth Amendment violations related to his temporary transfer to a mental health unit, his treatment there, and his subsequent transfer to Ely State Prison. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir.2002), and we affirm in part, reverse in part, and remand.

■ The district court properly granted summary judgment on Jefferson's Eighth Amendment claim arising from his placement in four-point restraints because the undisputed evidence showed that Jefferson posed a threat to his own safety. *See LeMaire v. Maass*, 12 F.3d 1444, 1460 (9th Cir.1993) (finding no Eighth Amendment

violation related to the use of four-point restraints to maintain security and safety).

■ The district court properly granted summary judgment on Jefferson's due process claim challenging his transfer to Ely State Prison because prisoners generally have no protected liberty interest in being incarcerated at a particular prison. *See Meachum v. Fano*, 427 U.S. 215, 225–27, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976).

■ The district court also properly granted summary judgment on Jefferson's due process claim arising from his emergency transfer to a prison's mental health unit because Jefferson failed to offer any authority that he was entitled to a hearing prior to the short-term emergency detention. *Cf. Vitek v. Jones*, 445 U.S. 480, 491–94, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980) (requiring a hearing prior to an inmate being classified as mentally ill and involuntarily committed to a separate psychiatric hospital).

■ However, defendants failed to demonstrate an absence of a genuine issue of material fact as to whether Jefferson was involuntarily medicated prior to the June 23, 2005 hearing before the Medical Review Panel on Involuntary Psychotropic Medication. *See Washington v. Harper*, 494 U.S. 210, 219–36, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990) (requiring notice and a hearing prior to the involuntary use of psychotropic medications on inmates). Jefferson's verified complaint alleged he was involuntarily medicated approximately one week · prior to the Medical Review Panel hearing. *See Cal. Pro–Life Council, Inc. v. Randolph*, 507 F.3d 1172, 1176 (9th Cir.2007) ("A verified complaint may serve as an affidavit for purposes of summary judgment if [1] it is based on personal

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

knowledge and if [2] it sets forth the requisite facts with specificity."). Although defendants argued that Jefferson was not forcibly medicated, they submitted documentation from the Medical Review Panel stating that Jefferson "was force medicated on a one-time basis." They also submitted the affidavit of Karen L. Walsh, which only stated that Jefferson had not been involuntarily medicated since June 23, 2005. Construing the evidence in the light most favorable to Jefferson, a triable issue remains as to whether Jefferson was forcibly medicated *prior to* June 23, 2005. Even though Jefferson failed to oppose the motion, the defendants were not entitled to summary judgment because they have not carried their burden on this issue. *See Martinez v. Stanford*, 323 F.3d 1178, 1182–83 (9th Cir.2003) ("a nonmoving party's failure to comply with local rules does not excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law").

We do not consider arguments raised for the first time in Jefferson's reply brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.1999).

Jefferson's remaining contentions are unpersuasive.

Appellees' motion for leave to file *in camera* submission of exhibits under seal in support of answering brief is granted. The Clerk shall file under seal the *in camera* submission received on November 24, 2008. Jefferson's motion to file and copy his oversized reply brief is granted. The Clerk shall file the reply brief received on December 1, 2008. Although the court requested clarification of Jefferson's letter dated March 29, 2009, we have now reviewed the record and determined the case can be decided on the merits without further clarification.

Accordingly, we affirm the grant of summary judgment on Jefferson's Eighth Amendment claim and on his due process claims regarding his transfer to the mental health unit and his transfer to Ely State Prison, reverse the judgment with respect to his involuntary medication claim, and remand for further proceedings. The parties shall bear their own costs.

**AFFIRMED in part, REVERSED in part, and REMANDED.**